IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                      Case Nos.:     5:11cr43/MW/GRJ
                                                        5:14cv101/MW/GRJ

GAELEN SPRUILL,

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28
U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in
Federal Custody."   (ECF No. 164.)   The Government has filed a response
(ECF No. 170), but Petitioner did not file a reply, despite having been
afforded the opportunity to do so.   (ECF No. 168).   The case was referred
to the undersigned for the issuance of all preliminary orders and any
recommendations to the district court regarding dispositive matters.   *See*
N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P.
72(b).   After a review of the record and the arguments presented, the
Court concludes that Petitioner has not raised any issue requiring an
evidentiary hearing and that the § 2255 motion should be denied.   *See*
Rules 8(a) and (b) Governing Section 2255 Cases.

# I. BACKGROUND

Petitioner was charged in one count of a two count indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. (ECF No. 46.)   The charges stemmed from his involvement in a cocaine conspiracy along with his brother, co-defendant Ramone Spruill.

On February 1, 2012 Petitioner pleaded guilty pursuant to a written plea agreement.   (ECF Nos. 83-85.)   The final Presentence Investigation Report ("PSR") determined that Petitioner's total offense level was 27. (ECF No. 98, PSR ¶ 62).   This level was calculated using a base offense level of 30 based on the quantity of cocaine involved in the conspiracy, a two level upward adjustment due to a co-conspirator's possession of a firearm, a two level downward adjustment due to his minor role in the offense and a three level downward adjustment for acceptance of responsibility.   (ECF No. 98, PSR ¶¶ 54-60.)   The then-22 year old Petitioner had a criminal history category of IV.   (ECF No. 98, PSR ¶¶ 70-72.)   Based on a total offense level of 27 and a criminal history category of IV, the guideline

imprisonment range was 100 to 125 months. The court sentenced Petitioner to a term of 112 months imprisonment. (ECF Nos. 110, 120.)

Petitioner appealed, and counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (ECF No. 126.) The Eleventh Circuit's independent examination of the entire record revealed no arguable issues of merit and it affirmed Petitioner's conviction and sentence. Petitioner timely filed the instant motion to vacate pursuant to the prison mailbox rule on April 14, 2014. (ECF No. 164 at 13.)

While the motion to vacate was pending, Petitioner filed three motions seeking sentence reductions. (ECF Nos. 174, 190, 226.) The first motion was granted and his sentence was reduced from 112 to 94 months. (ECF Nos. 188, 189.) The remaining two motions were denied. (ECF Nos. 195, 230.)

## II. ANALYSIS

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the

court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36

F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1)

cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.

Case Nos.: 5:11cr43/MW/GRJ; 5:14cv101/MW/GRJ

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two part test also applies to guilty pleas. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009)

(quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

Case Nos.: 5:11cr43/MW/GRJ; 5:14cv101/MW/GRJ

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Counsel does not perform deficiently by failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a

meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense

counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28

U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### B. Petitioner's Ineffective Assistance of Counsel Claims

Petitioner raises three ineffective assistance of counsel claims in his motion.   First, he claims that counsel failed to object when the Government breached its agreement by "influencing" the sentencing judge to read co-defendant Ramone Spruill's plea agreement.   As a result, Petitioner contends, his offense and punishment were increased.   (ECF No. 164 at 14.)   Petitioner's claim is without merit.

The "influence" of which Petitioner complains occurred during the change of plea proceeding.   The court advised Petitioner that pursuant to the terms of the plea agreement, Petitioner faced a mandatory minimum term of imprisonment of five years and a maximum term of forty years. (ECF No. 119 at 8.)   The Government then interjected that higher penalties than those set forth in the plea agreement could possibly apply. (*Id.*)   Assistant United States Attorney Risinger noted that, as in the case of co-defendant Ramone Spruill, if Petitioner were found to have conspired to possess more than five kilograms of cocaine he would be facing a mandatory minimum of ten years imprisonment, and a maximum of life. (*Id.*)   The court referred to Ramone Spruill's plea agreement and then

Case Nos.: 5:11cr43/MW/GRJ; 5:14cv101/MW/GRJ

clarified that Petitioner's sentencing exposure depended upon whether he was ultimately found responsible for less than or more than five kilograms of cocaine.   (ECF No. 119 at 9.)   The Government apologized that this language had not been in Petitioner's plea agreement and Petitioner acknowledged that he understood the possible sentences he faced.   (ECF No. 119 at 8-9.)

Petitioner's claim in the instant motion that counsel was constitutionally ineffective because he failed to object has no merit.   The reference to the co-defendant's plea agreement did not enhance Petitioner's offense and punishment as he suggests, but rather illustrated an omission in Petitioner's written plea agreement.   The indictment did not limit the quantity of drugs for which Petitioner could be held accountable, and as such the plea agreement, as written, did not set forth the full range of potential penalties.   Ultimately, it made no difference because the higher penalty range was not applicable, sinc Petitioner was held accountable for only four kilograms of cocaine, a quantity which subjected him to a minimum term of five, rather than ten years imprisonment.   (ECF No. 98, PSR ¶¶ 54, 106.)

Case Nos.: 5:11cr43/MW/GRJ; 5:14cv101/MW/GRJ

In his second claim, citing the same portion of the plea colloquy, Petitioner faults counsel for failing to object when the sentencing judge breached the terms of the plea agreement by increasing the drug quantity and the resultant mandatory minimum from five years to ten years. Contrary to Petitioner's suggestion, drug quantity was not determined during the change of plea hearing. There was no basis for an objection, and counsel was not constitutionally ineffective.

Petitioner's third claim is that counsel failed to object to the manner in which sentence was pronounced. (ECF No. 164 at 14.) Petitioner references the portion of the sentencing transcript in which the judge pronounced sentence then asked whether there were any objections to either the court's ultimate findings of fact or conclusions of law with respect to the sentence, or to the manner in which the court pronounced sentence. (ECF No. 120 at 25). Petitioner does not suggest a basis for a meritorious objection, and none is apparent from the record. To the extent he restates his claim that counsel should have objected to the sentencing judge "breaching the terms" of his plea agreement, it is without merit.

### *C. Petitioner's Request for Appointment of Counsel*

Petitioner also requests that the court appoint legal representation for the instant proceedings.   (ECF No. 164 at 5.)   There is no constitutional right to counsel in post-conviction proceedings, including habeas proceedings.   *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).   Additionally, although there is the statutory possibility of the appointment of counsel, 18 U.S.C. § 3006(a)(2)(B), in light of the clear lack of merit in Petitioner's allegations, there is no basis for such appointment in this case. His request should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 164, have merit.   Nor has he shown that an evidentiary hearing is warranted. Therefore Petitioner's motion should be denied in its entirety.

Case Nos.: 5:11cr43/MW/GRJ; 5:14cv101/MW/GRJ

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 5:11cr43/MW/GRJ; 5:14cv101/MW/GRJ

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 164) should be **DENIED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 26th day of April, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**